NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2434
_____

M.R. MIKKILINENI

v.

GIBSON-THOMAS ENGINEERING CO, INC.;
EDWARD SCHMITT; MARK GERA; DERRY
TOWNSHIP MUNICIPAL AUTHORITY; INDIANA
COUNTY TRANSIT AUTHORITY; INDIANA
COUNTY COMMISSIONERS; LINDSAY MCCABE
& LEE; ZIMMER KUNZ; COMMONWEALTH
OF PENNSYLVANIA; UNITED STATES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00491)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2010
Before: SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: May 12, 2010)
_____

OPINION
_____

PER CURIAM.

Appellant M.R. Mikkilineni, who is well-known to this Court, initiated a pro se civil action in United States District Court for the District of Columbia against Gibson-Thomas Engineering Company ("GTE") and two of its employees, Edward Schmitt and Mark Gera, among others. After the action was transferred to the Western District of Pennsylvania, the District Court dismissed the complaint *sua sponte* in an order entered on April 21, 2004. The court reasoned that Mikkilineni had previously been determined to have engaged in vexatious litigation against the named defendants, and that the instant complaint contained claims identical to those previously litigated.[1] The complaint was wholly insubstantial, frivolous, and completely devoid of merit, and thus the District Court dismissed it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Oneida Indian Nation of N.Y. v. Oneida County, N.Y., 414 U.S. 661, 666 (1974) (some federal questions are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). The District Court directed the Clerk not to accept any other pro se complaints from Mikkilineni unless he obtained prior authorization from the court. Mikkilineni filed a response to the court's order but he did not file a notice of appeal.

---

[1] The District Court noted that Mikkilineni had filed over 100 cases in courts throughout the land.

2

Nothing further occurred in the case until April 9, 2009, when Mikkilineni filed a post-judgment motion in the district court titled "Motion to Strike *void*-order of 4/20/2004 under Rule 60(b)(4) & (6) and Re-open causes of action by Allowing an Independent Action under Rule 60(d)(1), (b)(2) & (b)(3)." Mikkilineni alleged fraud in several of his prior civil actions, and he alleged that he had newly discovered evidence. Specifically, he asserted that a bank account he held for a nonprofit at Bank of America had been attached improperly by GTE in July, 2008 to satisfy a judgment against him in the amount of $140,000.00. Mikkilineni complained that these funds did not belong to him, were pledged to his nonprofit, Eshwar Institute, and should not have been used to satisfy the judgment. Mikkilineni also asked the District Court to recuse. The District Court without explanation denied the Rule 60(b) motion in an order entered on April 13, 2009.

On May 11, 2009, Mikkilineni filed a timely notice of appeal from the order of the District Court, and an untimely motion for reconsideration, Rule 59(e), Fed. R. Civ. Pro. (providing prior to December 1, 2009 that motion be filed within 10 days of entry of judgment). With the motion for reconsideration Mikkilineni sought to amend his original complaint pursuant to Rule 15(c), Fed. R. Civ. Pro., or supplement it, to add new causes of action and new defendants, including Bank of America and the Honorable Gary P. Caruso of the Westmoreland County Court of Common Pleas, among others. Defendant GTE responded to Mikkilineni's motion for reconsideration, contending that the Rule

3

60(b) motion was an impermissible attempt to circumvent the injunction barring

Mikkilineni from filing any further civil actions in the Western District against GTE and

its officers and employees without prior authorization from the court, and an

impermissible collateral attack on a state court judgment obtained against Mikkilineni in

the Westmoreland County Court of Common Pleas.  In an order entered on June 5, 2009,

the District Court denied the motion for reconsideration, concluding that Mikkilineni

could not resort to Rule 60(b) for the reasons given by the defendants in their response,

and stating that the court would "not permit [Mikkilineni to circumvent [its] directives by

this flagrant maneuver."  Mikkilineni did not separately appeal this order.

We will affirm the order denying Mikkilineni's Rule 60(b) motion.  We

have jurisdiction under 28 U.S.C. § 1291[2] and may affirm a result reached by the District

Court for any reason as long as the record supports the judgment.  See Guthrie v. Lady

Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).  Mikkilineni's Rule 60(b)

motion to reopen the judgment was untimely, because it was filed almost five years after

the challenged order was entered.  See Rule 60(c)(1)(A) ("A motion under Rule 60(b)

---

[2]  We lack jurisdiction over the District Court's June 5, 2009 order denying
Mikkilineni's motion for reconsideration because that motion was not timely filed under
Fed. R. Civ. Pro. 59(e).  See Fed. R. App. Pro. 4(a)(4)(A)(iv),(vi) (effective until
November 30, 2009).  Although a motion seeking to amend a complaint made after a
judgment of dismissal has been entered may be construed as a Rule 60(b) motion, see
Ahmed v. Dragovich, 297 F.3d 201, 208-09 (3d Cir.2002), construing Mikkilineni's
motion for reconsideration as a second Rule 60(b) motion would not give us jurisdiction
over the order denying it, because Mikkilineni did not file a notice of appeal from the
District Court's June 5, 2009 order.

4

must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding"); Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (two years not "reasonable time" for 60(b) purposes); Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 913 n.7 (3d Cir. 1977) (expressing "serious doubts" that two-and-one-half year delay in filing Rule 60(b) motion would comply with "reasonable time" requirement). The District Court thus properly denied the Rule 60(b) motion for this reason alone.

Furthermore, no extraordinary circumstances justifying relief under subparagraph (b)(6), the "catch all" provision of Rule 60, are apparent from Mikkilineni's motion. See Moolenaar, 822 F.2d 1342. We note specifically that Mikkilineni lost the opportunity to have review of the validity of the District Court's order barring him from filing any further civil actions without prior authorization when he failed to timely appeal the court's April 21, 2004 order. Rule 60(b) may not be used to revive an issue that was lost as a result of a failure to comply with the mandatory jurisdictional requirements of Federal Rule of Appellate Procedure 4(a)(1). See Hall v. Community Mental Health Center of Beaver County, 772 F.2d 42, 43-44 (3d Cir. 1985).

In addition, in its response to Mikkilineni's motion for reconsideration, GTE has explained that the state court judgment awarded to GTE in the amount of $115,390.83 at No. 6137 of 2001 (Westmoreland County) is related to Mikkilineni's long history of vexatious litigation against GTE. The Pennsylvania Superior Court affirmed

5

GTE's judgment, execution was achieved, and the judgment was satisfied. We conclude that this execution of a validly obtained state court judgment relating to Mikkilineni's history of vexatious litigation is not an extraordinary circumstance warranting reopening Mikkilineni's 2004 federal case.[3]

We will affirm the order of the District Court denying Mikkilineni's Rule 60(b) motion to strike the judgment.

---

[3] Although Mikkilineni contended that he had pledged his money to his nonprofit, the account in which the money was placed at Bank of America was in his own name, which is why GTE was able to execute upon it and why the bank released the funds, according to GTE.