

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2009

# Bonita Perry v. Commonwealth of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bonita Perry v. Commonwealth of PA" (2009). *2009 Decisions.* Paper 1380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2884
_____

BONITA PERRY,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA and
PENNSYLVANIA STATE POLICE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 00-01193)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 10, 2009

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges

(Opinion Filed: May 11, 2009)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

        Bonita Perry appeals from an order of the District Court for the Western District of

Pennsylvania denying her motion to reopen in federal court her case alleging claims against the Commonwealth of Pennsylvania ("Commonwealth") under the Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973. Perry originally filed suit in the District Court on June 19, 2000, asserting both federal and state claims for failure to reasonably accommodate her disability, but then requested that her federal claims be dismissed, electing to pursue only her state law claims in state court after the Commonwealth raised a jurisdictional objection to her federal claims. Although the federal jurisdictional issue was clarified in 2001 and 2002, we agree with the District Court that Perry knowingly abandoned her federal claims and that her current request for relief is untimely and unreasonable. Neither equitable tolling principles nor the Federal Rule of Civil Procedure 60(b)(1) "excusable neglect" standard support Perry's request at this late date to reopen her case in federal court. Accordingly, we will affirm.

I.

The District Court had subject matter jurisdiction over the original action pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We review the denial of Federal Rule of Civil Procedure Rule 60(b) relief for abuse of discretion. Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the

2

discussion.

## II.

Perry was employed by the Commonwealth as a Police Communications Operator beginning in 1980, and was diagnosed with fibromyalgia in the early 1990s. After difficulty working rotating shifts as a result of symptoms related to her fibromyalgia and other medical conditions, Perry unsuccessfully pursued various avenues to try to obtain a consistent work schedule. These efforts culminated in Perry filing a complaint in the District Court on June 19, 2000, alleging disability discrimination in violation of the ADA, 42 U.S.C. § 12101, et seq., the Rehabilitation Act, 29 U.S.C. § 794, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

On August 31, 2000, the Commonwealth filed a motion to dismiss the complaint for lack of subject matter jurisdiction, contending that it was immune from suit under the Eleventh Amendment. At the time, a circuit split existed as to whether states had sovereign immunity from ADA suits, although the U.S. Supreme Court had granted certiorari to resolve the split. See Petition for Writ of Certiorari, Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001) (No. 99-1240) and Bd. of Trustees of the Univ. of Alabama v. Garrett, 529 U.S. 1065 (2000) (granting certiorari on the issue of "[w]hether the Eleventh Amendment to the United States Constitution bars suits by private citizens in federal court under the Americans With Disabilities Act against non-consenting states"). On December 20, 2000, Perry moved to have her federal claims

3

dismissed and the case transferred to state court. In the motion, Perry indicated her awareness that the U.S. Supreme Court had granted certiorari on the immunity question, and she stated clearly that she wished to pursue only her state law claims in state court. On December 21, 2000, the District Court entered an order granting Perry's motion, dismissing her ADA and Rehabilitation Act claims without prejudice, and transferring the case to the Court of Common Pleas of Allegheny County. On November 15, 2002, the case was transferred to the Court of Common Pleas of Mercer County.

In 2001, the U.S. Supreme Court held that Congress did not validly abrogate the states' sovereign immunity from suit by private individuals for money damages under Title I of the ADA, and that such suits were barred under the Eleventh Amendment. See Garrett, 531 U.S. at 360, 363-363, 374. Injunctive relief against the state and any state law remedies remained available. Id. at 374 n.9. In 2002, this Court ruled that the Commonwealth's acceptance of federal funds operates as a voluntary waiver of Eleventh Amendment immunity from individuals' suits under the Rehabilitation Act against a state department or agency receiving those funds. See Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 165, 167 (2002).

Perry, meanwhile, litigated her state law claims for seven years, until 2006, when, after complete discovery on both sides, the Court of Common Pleas of Mercer County noted sua sponte that it appeared that the case was not properly before the court. Perry had filed a copy of the federal docket sheet in state court but had failed to file a

complaint, certified copies of the federal pleadings or transcript of the federal proceedings at any point in her state case, an omission that had gone unnoticed by either party until then. The subsequent upshot is that Perry was denied leave to file an amended complaint or to supplement the court record. On February 8, 2008, her state action was dismissed without a determination of the merits. An appeal of this order is pending with the Pennsylvania Superior Court.

Perry filed a motion to reopen her case in the District Court on March 7, 2008. On May 29, 2008, the District Court issued an order denying Perry's motion to reopen her case. Perry timely appealed to this Court.

### III.

The essence of Perry's contention on appeal is that she has been effectively deprived of a forum to litigate the merits of her suit, and that therefore equitable tolling should apply to let her reopen her case in federal court. We cannot agree.

The District Court construed Perry's motion to reopen her case as a request for relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Rule 60(b)(1) permits a district court to grant relief from a final judgment based upon "excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure.  "The test for excusable neglect is equitable, and requires us to weigh the totality of the circumstances. In particular, we consider 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay–and whether it was within the

5

movant's control; and 4) whether the movant acted in good faith." Nara v. Frank, 488 F.3d 187, 193-194 (3d Cir. 2007) (internal quotation marks and citations omitted); see also George Harms Constr. Co. v. Chao, 371 F.3d 156, 163-164 (3d Cir. 2004).

Perry contends that the District Court erred in focusing on the Rule 60(b)(1) excusable neglect factors, and that equitable tolling principles should apply. Equitable tolling can waive a statute of limitations "when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" Santos v. United States, 2009 U.S. App. LEXIS 5128, *23 (3d Cir. Mar. 11, 2009) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)). "This occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id. at *23-24 (internal citations omitted). Equitable tolling is an extraordinary remedy that we apply sparingly. Id. at *24. Equitable tolling will not apply unless the plaintiff "exercised due diligence in pursuing and preserving her claim." Id. (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The principles of equitable tolling do not extend to "garden variety claim[s] of excusable neglect." Irwin, 498 U.S. at 96. "[E]quitable tolling requires deceit or some other extraordinary grounds for relief and is not equivalent to the Fed. R. Civ. P. 60(b)(1) excusable neglect standard." George Harms Constr. Co., 371 F.3d at 165.

6

Simply put, the District Court chose not to address Perry's claim via equitable tolling analysis because it was not necessary or proper to do so. The Commonwealth, as defendant, at no time misled Perry with regard to her cause of action. Neither was Perry in any extraordinary way prevented from asserting her rights to pursue her federal causes of action. Instead, Perry chose to abandon her federal claims with full knowledge that the immunity issue was pending before the U.S. Supreme Court, and did not seek to timely reinstate her federal claims after Garrett and Koslow established that she could sue under the ADA for injunctive relief and under the Rehabilitation Act for both injunctive relief and damages. As such, Perry also cannot be said to have diligently pursued and preserved her federal claims, regardless of her comprehensive litigation of her state claims in state court. As there is no earlier inequity that Perry seeks to undo, equitable tolling is not an appropriate vehicle for the relief she seeks.

This is a garden variety claim of excusable neglect, and we are in accordance with the District Court that it is one that fails to qualify for relief under Rule 60(b)(1). All of the Rule 60(b)(1) factors favor the Commonwealth. Perry requested the dismissal of her federal case in December 2000. The Commonwealth is entitled to rely on Perry's clear and voluntary abandonment of her federal claims, and would be prejudiced by having to litigate these long-extinguished claims several years later. Rule 60(c)(1) states that a motion under Rule 60(b) "must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1),

7

Federal Rules of Civil Procedure. The length of delay in this case is unreasonable whether measured from the original dismissal in 2000–over seven years–or from when Garrett and Koslow were decided in 2001 and 2002. See Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (nearly two year delay was not within a reasonable time). Further, the length of the delay was undoubtedly within Perry's control after Garrett and Koslow were decided. While we sympathize with Perry's quest for a forum to adjudicate the merits of her claim, the procedural irregularities which precluded a determination of the merits of her state court claims do not elevate the situation to a case of excusable neglect with regard to her abandoned federal claims. The proper avenue of relief, as the District Court noted, is Perry's pending appeal in the Pennsylvania Superior Court.

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The order of the District Court will be affirmed.