HLD-180      (August 2010)                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2310
_____

BRUCE S. JOYNER,
                                        Appellant
v.

NEWS JOURNAL
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 99-00023)
District Judge:   Honorable Gregory M. Sleet
_____

Submitted for Possible Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2010
Before:   McKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

(Opinion filed October 14, 2010)

_____

OPINION
_____

PER CURIAM.

        Bruce Joyner was formerly employed by News Journal, a newspaper based

in the Wilmington, Delaware area.   On March 3, 1994, Joyner was injured on the job.

Subsequently, his employment with News Journal was terminated. On January 20, 1999, Joyner sued News Journal in federal court, claiming that after his termination it subjected him to discriminatory treatment in violation of the Title VII of the Civil Rights Act and the Americans with Disabilities Act.

On August 20, 1999, the District Court granted News Journal's motion to dismiss, "[g]iven Joyner's failure to file a charge of discrimination with either the EEOC or the DDOL coupled with his delay in bringing suit." On December 29, 1999, the District Court denied Joyner's motion for reconsideration, which he brought under Rule 60(b) of the Federal Rules of Civil Procedure. We affirmed the District Court's judgment, see Joyner v. News Journal, 33 F. App'x 648 (3d Cir. 2002) (table), and denied rehearing on July 12, 2002.

Almost seven years later, on July 7, 2009, Joyner filed a motion to reopen his federal discrimination suit. He attached to the motion a proposed workers' compensation agreement from March 1994, a document showing that he receives Social Security Disability benefits, and a letter dated September 17, 1997, from an attorney who appears to have been representing Joyner in an appeal from an adverse Industrial Accident Board (IAB) decision. News Journal filed an opposition.

On March 31, 2010, the District Court denied Joyner's motion. The District Court determined that, to the extent Joyner was seeking relief under Rule 60(b), the motion was not made within a reasonable time. The District Court also determined

2

that Joyner had failed to allege facts justifying relief under Rule 60(d). Joyner appealed.[1]

Regardless of what Rule 60(b) subsection Joyner was attempting to use to reopen his case, his motion was untimely made. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b) motion filed nearly two years after district court's judgment not made within a reasonable time). And we see no error in the District Court's refusal to grant relief by way of its Rule 60(d) equitable power. See United States v. Beggerly, 524 U.S. 38, 46 (1998) ("Independent actions must . . . . be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.") (internal quotations omitted).[2]

There being no substantial question presented by Joyner's appeal, we will summarily affirm the judgment of the District Court. See LAR 27.4; I.O.P. 10.6.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's determinations for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

[2] While we lament the performance of Joyner's first attorney in his IAB proceedings, see In re Maguire, 725 A.2d 417, 420 (Del. 1999) ("Maguire admitted that he violated Rule 1.2(a) [of the Delaware Rules of Professional Conduct] by agreeing to the employer's petition to terminate total disability benefits without Mr. Joyner's consent."), that attorney's disbarment is irrelevant to the federal discrimination case Joyner now seeks to reopen. The suspension of Joyner's subsequent attorney is even less relevant, as that attorney was apparently not disciplined until well after his representation of Joyner concluded. See In re Bailey, 821 A.2d 851 (Del. 2003).