DLD-262                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2728
_____

CHUKWUMA E. AZUBUKO,
Appellant

v.

BUNKER HILL COMMUNITY COLLEGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-05-cv-00945)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN Circuit Judges.

(Filed: August 19, 2011 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant Chukwuma Azubuko appeals the District Court's order denying

his motion under Rule 60(b) of the Federal Rules of Civil Procedure.  We have

jurisdiction pursuant to 28 U.S.C. § 1291, Binker v. Pennsylvania, 977 F.2d 738, 744 (3d

Cir. 1992), and review the District Court's order for abuse of discretion, <u>Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dep't of Elections</u>, 174 F.3d 305, 311 (3d Cir. 1999). For the reasons set forth below, we will summarily affirm the District Court's judgment.

Azubuko filed his complaint in this case in 2005. At the same time, he sought permission to proceed in forma pauperis (IFP). The District Court denied the IFP application on the ground that Azubuko, who was then working two jobs, could afford to pay the costs involved in litigating his action. The Court informed Azubuko that if he wished to proceed with his complaint, he was required to pay the filing fee within 14 days. Azubuko did not pay the filing fee within that period, and on August 2, 2005, the District Court dismissed the complaint.

On February 16, 2011, Azubuko filed a motion to reopen his case under Rule 60(b). The motion expressed Azubuko's displeasure with the District Court's ruling, but did not present any meaningful legal arguments. <u>See</u>, <u>e.g.</u>, Mot. at 1 (arguing that Azubuko had been "knowingly condemned to Chernobyl-like nuclear weapon miscarriage of justice hence the head"). The District Court denied the motion, concluding that it had not been filed within a "reasonable time" of the order dismissing the complaint. <u>See</u> Rule 60(c)(1). Azubuko then filed a timely notice of appeal to this Court.

We discern no error in the District Court's ruling. In his motion, Azubuko did not invoke any particular subsection of Rule 60(b), instead framing his motion as, generally,

2

arising under Rule 60(b). However, because he filed his motion well more than one year after the District Court dismissed his complaint, he cannot proceed under subsection (1), (2), or (3). See Rule 60(c)(1). Similarly, because Azubuko has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that two-year delay was not reasonable). Therefore, he is likewise unable to proceed under Rule 60(b)(5) or (b)(6). See Rule 60(c)(1). Finally, although the reasonable-time requirement does not apply to a motion to reopen a void judgment under Rule 60(b)(4), see United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000), a judgment is void only "if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law," Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978). Azubuko has not argued that the District Court lacked jurisdiction over his complaint or acted beyond its legal authority; rather, he wishes to proceed with his action in the District Court and claims that the Court committed legal error in dismissing his complaint.

Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3