**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3929
_____

UNITED STATES OF AMERICA EX REL. ROBERT PRITSKER

v.

SODEXHO, INC.; ARAMARK CORPORATION; COMPASS GROUP USA, A/K/A
CHARTWELLS; SODEXHO AMERICA LLC; SODEXHO MARRIOTT
MANAGEMENT, INC.; SODEXHO MANAGEMENT, INC.; ARAMARK
EDUCATIONAL SERVICES, INC.

Robert Pritsker,  Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-06003)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2012
Before:  RENDELL, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed:  July 20, 2012)
_____

OPINION
_____

PER CURIAM.

Robert Pritsker, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania which denied his request for relief from

1

judgment under Federal Rule of Civil Procedure 60(b)(6). We will affirm the judgment of the District Court.

In 2003, Pritsker filed a *qui tam* action, under seal, on behalf of the United States against Sodexho, Inc., Sodexho America, LLC, Sodexho Marriott Management, Inc., and Sodexho Management, Inc. ("Sodexho"); Aramark Corporation and Aramark Educational Services, Inc. ("Aramark"); and Compass Group USA, Inc., ("Compass"). He alleged that the defendants caused the submission of false claims for payment in connection with federally subsidized school food programs. The case was assigned to the Honorable Berle M. Schiller. The Government declined to intervene. The defendants filed motions to dismiss. The District Court granted those motions. United States ex rel. Pritsker v. Sodexho, Inc., No. 03-6003, 2009 WL 579380 (E.D. Pa. Mar. 6, 2009) (holding that the public disclosure bar applied, see 31 U.S.C. § 3730(e)(4), and that Pritsker failed to establish that governing federal regulations prohibited the defendants' alleged conduct). We affirmed on February 9, 2010. United States ex rel. Pritsker v. Sodexho, Inc., 364 F. App'x 787 (3d Cir. 2010).

On February 15, 2010, almost immediately after issuance of our opinion affirming Judge Schiller's decision to grant defendants' motions to dismiss, Pritsker began an investigation of the judge. Subsequently, Pritsker filed a motion in this Court alleging that Judge Schiller's decision resulted from a conflict of interest stemming from a donation made by Stephen A. Cozen, an attorney for Aramark, to Judge Schiller's 1999 campaign for a position on the Pennsylvania Superior Court. We denied Pritsker's

motion. The Supreme Court denied Pritsker's petition for certiorari. <u>United States ex rel.</u> <u>Pritsker v. Sodexho, Inc.</u>, 131 S. Ct. 179 (2010).

In June 2011, Pritsker filed a motion in the District Court pursuant to Federal Rule of Civil Procedure 60(b)(6), again claiming that Judge Schiller's decision "could only be explained by partiality, as it did not reflect sound jurisprudence." In particular, Pritsker repeated his claims based on the campaign donations made by Mr. Cozen, claimed in an affidavit that he had been told by members of the Philadelphia legal community about a "friendship" between Judge Schiller and Mr. Cozen, submitted various website and newspaper articles discussing Judge Schiller and Mr. Cozen, identified other cases where Judge Schiller had recused himself, and emphasized that an associate at Mr. Cozen's firm had worked for Judge Schiller in 2007. As relief, Pritsker asked that he be afforded a new proceeding before a different District Court judge.

The matter was reassigned to Chief Judge J. Curtis Joyner, who denied the Rule 60(b)(6) motion. Chief Judge Joyner concluded that Pritsker's evidence failed to demonstrate that Judge Schiller's impartiality might reasonably be questioned, that this Court's plenary review in February 2010 of the order granting the defendants' motions to dismiss had already provided the "second look" that Pritsker requested, that the Rule 60(b)(6) motion was untimely, and that, in any event, Pritsker failed to demonstrate "extraordinary circumstances." Pritsker appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a Rule 60(b) motion for abuse of discretion. <u>Brown v. Phila. Hous.</u>

3

Auth., 350 F.3d 338, 342 (3d Cir. 2003). Similarly, we review for abuse of discretion a District Court's decision regarding recusal under § 455(a). Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). We may affirm the District Court's judgment on any basis supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In his Rule 60(b)(6) motion, Pritsker alleged that Judge Schiller should have recused himself pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to "a reasonable person, with knowledge of all the facts." United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)). A recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations." United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).

In Liljeberg v. Health Services Acquisition Corp., the Supreme Court considered whether relief under Rule 60(b)(6) was appropriate where a party learned of a judge's potential conflict of interest almost a year after the Court of Appeals affirmed the District Court's judgment. 486 U.S. 847, 850-51 (1988). The Supreme Court held relief under Rule 60(b)(6) was "neither categorically available nor categorically unavailable" for violations of subsection 455(a). Id. at 864. Rather, it identified three factors to consider

4

in determining whether 60(b)(6) relief is available: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Id. Importantly, the Supreme Court in Liljeberg "explained that harmless error analysis can apply to violations of § 455(a)." Shell Oil Co. v. United States, 672 F.3d 1283, 1292 (Fed. Cir. 2012).

We conclude that the District Court properly denied Pritsker's Rule 60(b)(6) motion. As noted by the District Court, Pritsker argued that Judge Schiller's impartiality could be reasonably questioned because of campaign contributions made by Mr. Cozen in 1999, rumors of a friendship between Judge Schiller and Mr. Cozen, Judge Schiller's decision to recuse himself in other cases, and the fact that an associate in Mr. Cozen's law firm worked for Judge Schiller in 2007. We conclude, however, that any purported violation of § 455(a) was harmless because we had affirmed on de novo review Judge Schiller's legal determinations to grant the defendants' motion to dismiss on the merits. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 171 (3d Cir. 2004) (recognizing that harmless error applies to violations of § 455(a)); Parker v. Connors Steel Co., 855 F.2d 1510, 1526 (11th Cir. 1988) (holding that "[it] would . . . be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper."). In an effort to satisfy the Liljeberg risk factors, Pritsker identified only one circumstance, namely, Judge Schiller's decision to grant the defendants' motions to dismiss. It is well-

settled, however, that adverse legal rulings are not proof of prejudice and generally do not provide a basis for recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Even if we assume, arguendo, that Judge Schiller should have recused himself, nothing in the record suggests that harm resulted under the Liljeberg risk factors.

Furthermore, we agree with the District Court that Pritsker did not file his Rule 60(b)(6) motion within a reasonable time.  The Rule 60(b)(6) motion was filed over two years after Judge Schiller granted the defendants' motions to dismiss, see Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that two-year delay was not a "reasonable time" to bring a Rule 60(b)(6) motion), and, during that period, Pritsker had already sought relief based on an allegedly improper connection between Judge Schiller and Mr. Cozen.  Consequently, we reject Pritsker's assertion that the delay in filing his Rule 60(b)(6) motion was justified by his need to "discover" Judge Schiller's "disqualifying circumstances."  See id. at 1346 (recognizing that "extraordinary" circumstances are necessary for granting relief under Rule 60(b)(6)).

For the foregoing reasons, we will affirm the District Court's denial of Pritsker's Rule 60(b)(6) motion.[1]

---

[1] The Appellees' motion for summary action is denied as moot.  The Appellees' request for damages and costs pursuant to Federal Rule of Appellate Procedure 38 is denied as presented.  However, we will tax costs against Pritsker pursuant to Federal Rule of Appellate Procedure 39(a)(2).  The parties' motions to seal various documents filed in this Court are denied, and all provisional sealing orders issued by this Court are lifted.  See In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (holding that there is a presumption of access to judicial records).