ALD-173                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1113
_____

DANIEL PATRICK SHEEHAN,
                                                            Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-01748)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 6, 2021

Before: MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: June 11, 2021)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Daniel Patrick Sheehan, proceeding pro se, appeals from the District Court's order denying his motion under Federal Rule of Civil Procedure 60(b) for relief from judgment. We will summarily affirm the District Court's order.

In 2013, a jury in the United States District Court for the Eastern District of New York found Sheehan guilty of Hobbs Act extortion and use of a destructive device. The District Court sentenced him to a term of 361 months' imprisonment. The U.S. Court of Appeals for the Second Circuit affirmed his conviction and sentence. Sheehan has since mounted several post-conviction challenges, none of which has met with success. In 2018, while incarcerated at Allenwood FCI, Sheehan filed a 28 U.S.C. § 2241 habeas petition in the U.S. District Court for the Middle District of Pennsylvania. The District Court dismissed the petition for lack of jurisdiction because a motion under 28 U.S.C. § 2255 was not an inadequate or ineffective remedy for Sheehan to challenge his detention. See Sheehan v. Howard, No. 1:18-cv-1748, 2019 WL 4640325, at *3 (M.D. Pa. Sept. 24, 2019) (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)). We summarily affirmed the dismissal of the petition. See Sheehan v. Warden Allenwood FCI, 800 F. App'x 84 (3d Cir. 2020). Sheehan returned to the Middle District to seek relief from judgment under Federal Rule of Civil Procedure 60(b)(1), (2), and (6), but the District Court denied his motion. This timely appeal followed.

2

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of Sheehan's Rule 60(b) motion for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). A court abuses its discretion when it grounds its decision "upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (internal quotation marks and citation omitted).

In his motion, Sheehan challenged the District Court's denial of the underlying section 2241 petition and sought to rely on recent U.S. Supreme Court cases to obtain relief. At the outset, the District Court ruled that the grounds asserted under subsection (1) for "mistake, inadvertence, surprise, or excusable neglect" and subsection (2) for newly discovered evidence that could not have been discovered with reasonable diligence were barred as untimely. Sheehan's motion was filed more than a year after the District Court's judgment was entered on September 24, 2019. See Fed. R. Civ. P. 60(c)(1) (requiring motions filed under subsections (1) and (2) to be made no more than a year after entry of judgment). Sheehan argues on appeal that the District Court misapplied the time bar because his appeal was not final until August 10, 2020, when we denied his request for rehearing en banc. But Sheehan is mistaken. The time for bringing motions under Rule 60(b)(1) and (2) is not tolled by the filing of an appeal. See Moolenaar v. Gov't. of V.I., 822 F.2d 1342, 1346 n.5 (3d Cir. 1987). Sheehan's motion, postmarked

3

on November 16, 2020, was not submitted within one year of the District Court's September 24, 2019 order dismissing his petition.[1]

The time limit does not apply to the extent that Sheehan's motion sought relief under Rule 60(b)(6), but to succeed under that provision, Sheehan must show extraordinary circumstances. His challenges to the denial of his underlying section 2241 petition do not qualify. Not only is a Rule 60(b) motion not a substitute for an appeal, see Morris v. Horn, 187 F.3d 333, 336 (3d Cir. 1999), but Sheehan has already appealed the District Court's dismissal of his petition, and we affirmed, as noted above.

Sheehan also seeks relief based on two recent U.S. Supreme Court cases, McCoy v. Louisiana, 138 S. Ct. 1500 (2018), and Sessions v. DiMaya, 138 S. Ct. 1204 (2018). But the motion does not demonstrate extraordinary circumstances in that regard because both opinions were published several months before Sheehan filed the underlying section 2241 petition, and he could have made his arguments then.

---

[1] In his Rule 60(b) motion filing, Sheehan claimed that he filed a copy of his motion earlier, on September 21, 2020, "as per the prison legal mail system records will confirm." ECF No. 31 at 6; see also Sheehan's notice of appeal, ECF No. 39 at 3. He did not submit the prison mail records, a postmark, or a sworn statement that would comply with 28 U.S.C. § 1746. In any event, even if he could substantiate the timeliness of his motion, Sheehan's motion relies primarily on new law, not mistake, inadvertence, or excusable neglect, and new law does not qualify as "newly discovered evidence" under the rule. See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (noting that the term "newly discovered evidence" under Rule 60(b)(2) "refers to evidence of *facts* in existence at the time of [judgment] of which the aggrieved party was excusably ignorant") (quotation marks and citation omitted) (emphasis added).

Because no substantial question has been presented by this appeal, we will summarily affirm the District Court's Order entered on December 29, 2020. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.