DLD-011                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2471
_____

WILLIAM JOSEPH WEBB, JR.,
                                        Appellant

v.

BRIAN J. CHAPMAN; LAW OFFICES OF BRIAN J. CHAPMAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-00270)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2024

Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: November 21, 2024)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

William Webb, Jr., appeals the District Court's orders denying his motions to reopen his case and for reconsideration. For the reasons that follow, we will summarily affirm the District Court's orders.

As we write primarily for the litigants who are familiar with both the facts and procedural posture of this case, we recount only the facts necessary to understand the appeal. In January 2020, Webb filed a complaint in Delaware state court, in which he alleged that the named defendants, who were then operating as his court-appointed legal counsel, violated his rights by sharing privileged information with the Deputy Attorney General, resulting in his indictment and subsequent imprisonment. **ECF No. 1-1.** Webb sought monetary relief under 42 U.S.C. § 1983 as well as a protective injunction. **Id.** In February 2020, appellee Brian Chapman filed a notice of removal to the District of Delaware; **ECF No. 1;** the following month, he filed a motion to dismiss the complaint for failure to state a claim. **ECF No. 4.** In March 2021, the District Court granted the motion and dismissed all claims. **ECF No. 26.** Webb appealed, but the District Court's order was summarily affirmed by this Court. See Webb v. Chapman, 852 F. App'x 659 (3d Cir. 2021) (per curiam).

In August 2024 – more than three years after Webb's action had been dismissed by the District Court – Webb filed a "motion for reinstatement of case" under Rule 60(b), in which he broadly asserted that "[t]he previous dismissal was clearly erroneous as a matter of law." ECF No. 34 at 2. The District Court denied Webb's motion. **ECF No. 35.**

Webb filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), which was subsequently denied. **ECF No. 40.** Webb now appeals both orders. **CA ECF No. 1; see also ECF Nos. 37 & 45.**

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and reviews the denial of Rule 59(e) and 60(b) motions for abuse of discretion.  See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 & n.20 (3d Cir. 2012).  This Court may summarily affirm if no substantial question is presented by the appeal.  See 3d Cir. L.A.R. 27.4.

The District Court did not abuse its discretion in denying either motion. Motions for relief from judgment under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). As the District Court noted, Webb's motion to reopen his case pursuant to Rule 60(b) came more than three and a half years after the dismissal of his case and three years after we affirmed, and contains no facts or legal arguments which would justify a delay of this magnitude. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987). **See also ECF No. 35.** Additionally, the few facts he does assert do not cure any of the defects which led to the dismissal of his original action, as he continues to attempt to sue nonstate actors under 42 U.S.C. § 1983. Webb, 852 F. App'x at 660.  **See also ECF No 34.** As a result, the District Court did not abuse its discretion when it refused to reopen this matter pursuant to Webb's motion to reopen under Rule 60(b).

Nor did the District Court abuse its discretion when it declined to alter or amend its order in response to his motion for reconsideration. Reconsideration is available in only limited circumstances, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and as the District Court correctly noted, Webb's Rule 59(e) motion did not present any reason as to why its order denying his motion to reopen his case was incorrect. Id.; **see also** **ECF No. 35.** Instead, he merely reiterates the same bald legal conclusions which led to the dismissal of his federal claims more than three years ago.

Accordingly, the District Court plainly did not abuse its discretion when it denied Webb's motions, and we will summarily affirm its judgment.

4