**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2431
_____

WILLIAM JOSEPH WEBB, JR.,
Appellant

v.

GDWG LAW FIRM; DADE WERB
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:20-cv-01394)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2025

Before:  SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed June 18, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

William Webb, Jr., appeals the District Court's orders denying his motions to reopen his case and alter or amend its order denying reopening. Because Webb's appeal does not present a substantial question, we will summarily affirm the District Court's orders.

In February 2020, appellant William Webb filed a complaint in Delaware state court, in which he alleged that the named defendants, who were then operating as his defense counsel, had violated his rights under state and federal law by providing ineffective assistance of counsel and improperly sharing privileged information with state prosecutors. Webb sought monetary relief under 42 U.S.C. § 1983 and Delaware state law, as well as a protective injunction. In October 2020, the appellees removed the case to the District of Delaware, and filed a motion to dismiss for failure to state a claim. The District Court subsequently granted the motion after it concluded that Webb had failed to state a claim under 42 U.S.C. § 1983, because none of the defendants were acting under color of state law. It declined to exercise supplemental jurisdiction over Webb's state law claims, and remanded those claims to state court. Webb did not appeal.

In March 2024 — more than two-and-a-half years after his federal claims had been dismissed — Webb filed a motion to reopen his case, in which he again baldly alleged that the named defendants, the Delaware state courts, and the Department of Justice, had conspired together in order to deprive him of his rights. He further asserted that "the District Court now had jurisdiction over the case now that the State Courts have failed [in] their obligation and allowed illegal communications [to] prevent plaintiff from

2

moving forward on meritorious claims," without providing any details on what the state courts had done, or any facts to indicate the existence of a meritorious claim. Motion to Reopen, ECF No. 13 at 2. The District Court construed the motion under Fed. R. Civ. P. 60(b) and denied it. Webb then filed both a motion for reconsideration and a notice of appeal. The District Court denied the motion for reconsideration, and Webb filed an amended notice of appeal to cover the new order. This appeal is now ripe for disposition.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, and reviews the denial of motions made under Rule 59(e) and 60(b) for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 & n.20 (3d Cir. 2012). This Court may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4.

The District Court did not abuse its discretion in denying either motion. Motions for relief from judgment under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Webb's Rule 60(b) motion was untimely under that standard; he filed it more than two-and-a-half years after the original order dismissing his federal claims and does not make any legal arguments or factual assertions to explain a delay of this length. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987). Further, the few facts which he does allege do not remedy any of the defects which prompted the dismissal of his original complaint, because he continues to try to sue nonstate actors under 42 U.S.C. § 1983. As a result, the District Court did not abuse its discretion when it refused to reopen this matter.

3

Nor did the District Court abuse its discretion when it declined to alter or amend its order in response to his motion for reconsideration. As we explained in Webb's related appeal, see Webb v. Chapman, No. 24-2471, 2024 WL 4851409, at *2 (3d Cir. Nov. 21, 2024) (per curiam), reconsideration is available in only limited circumstances. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Webb's Rule 59(e) motion did not present any reason as to why its order denying his motion to reopen his case was incorrect. Id. Instead, he merely asserts the same legal conclusions which led to the dismissal of his original action two and a half years prior.

Accordingly, the District Court plainly did not abuse its discretion when it denied Webb's motions, and we will summarily affirm its judgments. 3d Cir. L.A.R. 27.4.