CLD-200                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1802
_____

CHARLES DARNELL JONES,
Appellant

v.

JERRY HOBECK, Police Officer;
ESQUIRE JUDITH POTOKA PETRUSH, District Attorney;
FRANK J. PALLONE, JR., Magisterial District Judge
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01447)
District Judge:  Honorable William S. Stickman, IV
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles Jones appeals pro se from a District Court order denying his motion for relief from judgment.  We will summarily affirm because the appeal presents no substantial question.

In 2022, Jones filed a complaint alleging a conspiracy to arrest and jail him in violation of his constitutional rights.  The District Court dismissed the complaint in October 2023.  The accompanying memorandum adopted in full the Magistrate Judge's report finding that judicial immunity barred any claims against Magisterial District Judge Frank J. Pallone, that prosecutorial immunity barred any claims against District Attorney Potoka Petrush, and that Jones had failed to state any claim as to Officer Jerry Hobeck. In April 2024, Jones filed a letter docketed in the District Court as a motion for status update and relief from judgment.  The District Court, having construed the motion alternatively as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and as a motion for relief under Federal Rule of Civil Procedure 60(b), denied it on April 17, 2025.  Jones appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, but our jurisdiction is limited to review of the District Court's denial of Jones' motion for relief.  In his motion he asked "that [his] original lawsuit be reopened due to ongoing criminal behavior then and now," so we construe it as a Rule 60(b) motion rather than a motion for reconsideration

2

under Rule 59.[1]  Because the motion was filed more than 28 days after entry of judgment, our jurisdiction does not extend to the underlying judgment itself.  See Fed. R. App. P. 4(a)(4)(A)(vi) (noting that a Rule 60 motion tolls the time for an appeal if filed within the time allowed for a Rule 59 motion).  We review the denial of a motion made under Rule 60(b) for abuse of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  We may summarily affirm the District Court's decision if the appeal does not present a substantial question.  See 3d Cir. L.A.R. 27.4.

We discern no abuse of discretion in the District Court's order.  In his motion, Jones elaborated on the allegations of false arrest, fabricated evidence, and malicious prosecution made in his complaint and raised new challenges to his plea agreement and two other criminal cases.  As the District Court noted, Jones' motion did not show any "mistake, inadvertence, surprise, or excusable neglect," nor evidence of "fraud, misrepresentation, or misconduct by an opposing party" that would justify relief.  The District Court further noted that Jones had provided no new evidence nor demonstrated any another "reason that justifies relief."  The District Court thus did not abuse its discretion in determining Jones' motion failed to satisfy any of the Rule 60(b) grounds for relief.  See Fed. R. Civ. P. 60(b); see also Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1345-46 (3d Cir. 1987).

---

[1]  If it were a Rule 59 motion, it would be untimely as such a motion must be filed within 28 days of entry of the judgment.  Fed. R. Civ. P. 59(e).

Accordingly, the District Court did not abuse its discretion in denying Jones' motion, and we will summarily affirm the District Court's judgment.