OPINION
PER CURIAM.
Nazario Burgos appeals from an order of the United States District Court for the Eastern District of Pennsylvania. Because the appeal presents no substantial question, we will summarily affirm the District Court’s judgment.
Burgos filed a “Motion to Set Aside Judgment as Void Pursuant to Fed. R.Civ.P. Rule 60(b)(4)” in the District Court, seeking to have that court declare void a particular judgment entered by the Supreme Court of Pennsylvania. On August 18, 2009, the District Court entered, an order stating that it lacked jurisdiction to void a judgment entered by a state court, and indicated that if Burgos sought habeas corpus relief, he should file a petition on proper forms, which would be provided to him. Burgos then filed a document dated August 28, 2009, captioned “Motion to Set Aside Judgment, Relative to the Above-Captioned Matter, Entered by the U.S. District Court’s Magistrate Judge as Void.” In that document, Burgos stated that he sought to have the court set aside a judgment entered by a Magistrate Judge of the District Court on or about June 25, 2002 with regard to his petition filed pursuant to 28 U.S.C. § 2254. Bur-gos claimed that the Magistrate Judge lacked jurisdiction to consider the petition, because his claims had not been exhausted in state court. The District Court then entered an order noting that Burgos had already been instructed on how to proceed if he sought habeas relief, and dismissed the motion as moot. Burgos filed a timely notice of appeal.
This Court informed Burgos that it would consider summary action on his appeal, and would also consider whether a certificate of appealability was necessary. Burgos filed a response opposing summary action, arguing again that the District Court’s judgment at docket number 01-CV-02431 (regarding his § 2254 petition) was void because the District Court had lacked jurisdiction.
Although it is not clear whether Burgos disagrees with the District Court’s order entered on August 18, 2009, we note that the District Court properly found that it lacked jurisdiction to declare the state court judgment void. Even in the context of a timely-filed federal habeas proceeding, a federal court “has at most a circumscribed role in reviewing whether a state court properly applied its own law when it explicitly decided to exercise jurisdiction.” Lambert v. Blackwell, 387 F.3d 210, 239 (3d Cir.2004).
As noted above, Burgos completely changed course in his second motion filed in the District Court—instead of asking the Court to void a state court judgment, he asked the Court to void a judgment entered in his 2001 habeas proceeding. The District Court properly dismissed the motion as moot, as it had already directed the Clerk to close the case, *587 and the motion was not a motion to reconsider the August 18, 2009 order. In any event, we note that Burgos has already attempted to challenge the § 2254 ruling by way of a Rule 60(b) motion. See Burgos v. DiGuglielmo, C.A. No. 06-1369 (3d Cir. June 22, 2006). In that case, we entered the following order:
Appellant’s request for a certificate of appealability is denied. To the extent Appellant’s Rule 60(b) motion challenged the District Court’s denial of habeas relief on procedural grounds, the motion properly was considered as a Rule 60(b) motion, and the District Court did not err in ruling that the motion was untimely. To the extent Appellant’s Rule 60(b) motion challenged the District Court’s denial of his habeas claims on the merits, the motion was a second or successive habeas petition, which the District Court could not consider without prior authorization from this Court pursuant to 28 U.S.C. § 2244(b)(3). Gonzalez v. Crosby [545 U.S. 524, 532-33], 125 S.Ct. 2641, 2648 [162 L.Ed.2d 480] (2005).
The same considerations would apply now. Burgos’s attempt to challenge the District Court’s ruling in his § 2254 proceeding on procedural grounds is now grossly untimely. See Moolenaar v. Gov’t of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir.1987) (concluding that a Rule 60(b) motion, filed almost two years after an initial judgment, was not made within a reasonable time where the reason for the attack was available at the time of the initial judgment). To the extent he challenged the merits of the ruling in the § 2254 proceeding, his motion would be a second or successive habeas petition that the District Court lacked jurisdiction to consider. Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir.2002); see also 28 U.S.C. § 2244(b)(2), (3).[1]
For the foregoing reasons, we will summarily affirm the District Court’s judgment.

. To the extent that Burgos' Rule 60(b) motion is construed as a challenge to the prior ruling in the § 2254 proceeding, a certificate of appealability is denied.