**ALD-090**                                                         NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT
_____

No. 10-3766
_____

NAZARIO BURGOS,
                                        Appellant

v.

J. STEPHEN J. McEWAN; J. WILLIAM A. CERONE; J. JOHN P. HESTER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-03461)
District Judge: Honorable Edmund V. Ludwig
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011
Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: January 25, 2010 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Nazario Burgos, an inmate at the State Correctional Institution at Graterford, appeals

from an order of the District Court sua sponte dismissing this pro se civil rights action as

legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we

will summarily affirm.

In July 2010, Burgos filed a complaint pursuant to 42 U.S.C. § 1983. He named as defendants the three Pennsylvania Superior Court judges who were on the panel that decided his appeal from a state post-conviction relief denial. He claimed that they had adjudicated his appeal despite lacking subject matter jurisdiction, and he argued that this deprived him of his constitutional right to due process and his right to seek redress from the government. He sued the defendants in their official capacities only, and he sought declaratory relief "prohibiting further use of the judgment rendered at Docket No. 2577 EDA 1999, against plaintiff."

The District Court concluded sua sponte that Burgos's claim was barred by Pennsylvania's two-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding that the statute of limitations period for § 1983 claims is the same as the state limitations period for personal injury actions); 42 Pa. C.S.A. § 5524(7). According to the District Court, since the Superior Court rendered its decision against Burgos in December 2000, the time had long since passed for Burgos to raise his claim. Burgos appealed.[1]

We will not address whether the District Court erred in disposing of Burgos's complaint sua sponte on an affirmative defense because the complaint was clearly barred

---

[1] We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. We exercise plenary review over a sua sponte dismissal under § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6. In addition, we may affirm on any basis in the record. Fairview Twp. v. EPA, 773 F.2d 517, 524 n.15 (3d Cir. 1985).

by the <u>Rooker</u>-<u>Feldman</u> doctrine.  As we recently explained in <u>Great Western Mining &</u>

<u>Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 166 (3d Cir. 2010), <u>Rooker</u>-<u>Feldman</u>

applies when "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of

injuries caused by the state-court judgments; (3) those judgments were rendered before

the federal suit was filed; and (4) the plaintiff is inviting the district court to review and

reject the state judgments." (internal quotations and citations omitted).  All four of those

factors apply here.[2]

      Accordingly, we conclude that this appeal presents no substantial question, and we

will affirm the judgment of the District Court.

---

[2] <u>See</u> <u>also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (holding that when an inmate is "challenging the very fact or duration of his physical imprisonment [. . .], his sole remedy is a writ of habeas corpus," not a § 1983 action).  We note that Burgos has thrice attempted to seek federal habeas relief, sometimes raising claims that are identical to the one that he raises here.  <u>See</u> <u>Burgos v. Vaughn</u>, C.A. No. 02-2878 (3d Cir. January 9, 2003); <u>Burgos v. DiGuglielmo</u>, C.A. No. 06-1369 (3d Cir. June 22, 2006); <u>Burgos v. Superior Court of Pennsylvania</u>, 355 F. App'x 585, 586-87 (3d Cir. 2009).  We further note that we rejected the last two petitions as unauthorized second or successive petitions. <u>See</u> 28 U.S.C. 2244(b)(3).