

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Rory Walsh v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Rory Walsh v. USA" (2009). *2009 Decisions.* Paper 1400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2970
_____

RORY M. WALSH,

Appellant

v.

THE UNITED STATES OF AMERICA;
THE DEPARTMENT OF THE NAVY;
MAJ. GEN. JERRY D. HUMBLE;
LT. GEN. MICHAEL J. BYRON;
MAJ. GEN. THOMAS F. GHORMLEY;
GENERAL JAMES L. JONES, JR.;
COLONEL RICHARD M. WENZELL;
SPECIAL AGENT WEST;
COLONEL M. W. MCERLEAN;
LT. COL. PAUL D. ROY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-00818)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2009

Before: RENDELL, FUENTES AND ALDISERT, Circuit Judges

(Opinion filed: May 5, 2009)
_____

OPINION
_____

PER CURIAM

Because the parties are familiar with the history and facts of the case, and because the District Court's memoranda and orders detail all the relevant allegations and events during the years of litigation, we will not recount them at length. Briefly, appellant Rory M. Walsh is a former officer of the United States Marines who brought this civil action against the United States, the Department of the Navy, and several current and former military officers. Walsh's allegations include that in 1984, while he was stationed aboard the U.S.S. Inchon, defendant Special Agent West opened Walsh's personal mail and disclosed the contents to defendant Lt. Col. Paul D. Roy. Walsh reported the matter to defendant Col. Richard M. Wenzell, who then engaged in retaliation against Walsh. Walsh also alleges that in 1985, defendant Gen. Jerry D. Humble grabbed Walsh's arm and dragged him out of a room, and that he surreptitiously slipped arsenic into a beverage sitting on Walsh's desk. Walsh became ill after imbibing the beverage, but the cause of his illness was undetermined. Further, Walsh alleged that in 1986, Gen. Michael J. Byron placed classified security documents on Walsh's desk and in his mail in attempts to frame Walsh for espionage.

Walsh stated that he endured years of illness after his discharge from the military.[1] In June 2003, he was diagnosed with an arsenic-related disease. In October 2003, while

---

[1] The complaint did not specify his date of discharge, but in later pleadings, Walsh stated that he retired in 1996.

watching a television program on arsenic poisoning, he concluded that Gen. Humble must have put arsenic in his drink, thereby causing his deteriorating health.

In 2004, Walsh submitted a claim for his injuries pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Defendant Col. M.W. McErlean rejected the claim, allegedly based upon a letter by defendant Gen. Thomas F. Ghormley to the Board for Correction of Naval Records ("BCNR") in 1999. This same letter also negatively impacted Walsh's then-pending BCNR petition and ensured that he would be barred from future active duty. In 2005, a military official requested Walsh to return to active duty to serve in Iraq, but Walsh stated that defendant Gen. James L. Jones directed Gen. Ghormley to deny the request because Walsh was privy to certain misconduct that allegedly occurred while Gen. Jones was the commanding officer of a marine expeditionary unit in 1990 and 1991. Walsh also contended that in 2005, Gen. Jones dispatched Naval Intelligence agents to break into Walsh's home, and that they took Walsh's military hats and correspondence addressed to and from Gen. Jones. Walsh alleged that Gen. Jones was responsible for several more break-ins by Naval Intelligence agents between 2005 and 2007.

Walsh filed his complaint in District Court in April 2005, as later amended. Walsh alleged that his circulatory and nervous systems have been permanently damaged from the arsenic poisoning, and the defendants were negligent in failing to investigate the matter. Walsh raised claims under the Fourth Amendment, the Privacy Act, 42 U.S.C. § 1986,

and various federal criminal statutes. The matter proceeded to discovery.

The government filed a motion to dismiss the claims as being barred by the Feres doctrine,[2] the statute of limitations, and failure to state a claim. Walsh filed a motion for summary judgment based upon the defendants' failure to timely respond to admissions submitted by Walsh. Noting that the government's motion to dismiss was pending, the District Court stayed briefing of Walsh's motion and directed the government to show cause for its failure to respond. Upon the government's showing, the District Court denied Walsh's summary judgment motion, finding excusable neglect on the part of the government and allowing the government an enlargement of time to respond. The District Court then granted the defendants' motion to dismiss as to all claims except the Fourth and Fifth Amendment claims against Gen. Jones and the Department of the Navy as they related to the March 2005 burglary of Walsh's residence. Concerning the dismissed claims, the District Court held that any arguable tort alleged by Walsh was barred by the Feres doctrine, and even if the doctrine did not apply, the claims were barred by the applicable statutes of limitations. Regarding the Privacy Act claim, the District Court determined that Walsh had not named the correct party as a defendant and that the claim was also barred by the statute of limitations. Further, the District Court dismissed the claims seeking enforcement of federal criminal statutes, as no private right

---

[2] As stated by the District Court, the Feres doctrine bars lawsuits filed by service members for injuries that "arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950).

4

of action for enforcement exists. In addition, the District Court again noted that even if those claims were viewed as tort claims, they were barred by the Feres doctrine or the statute of limitations.

The litigation continued, and several disputes arose requiring the District Court to rule on several matters, including the denial of Walsh's request to join certain individuals as defendants based on their alleged tampering with a discovery document. Also in the interim, the District Court granted the motion to dismiss filed by the defendants United States and the Department of the Navy on the ground of sovereign immunity. At the conclusion of discovery, both Walsh and the remaining defendant, Gen. Jones, filed motions for summary judgment. The District Court granted Gen. Jones's motion and denied Walsh's motion, noting that the record was devoid of any evidence demonstrating that Gen. Jones was directly or indirectly involved in the conduct alleged by Walsh.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. Walsh challenges a number of the District Court's orders, including the denial of his motions for summary judgment, the granting of Gen. Jones's motion for summary judgment, the dismissal of several claims, denial of joinder of individuals as defendants, and discovery rulings. Upon review of the record, for substantially the same reasons given in the District Court's orders and opinions, we will affirm the District Court's judgment. We have considered the arguments in the parties' briefs and note that many of the issues merit

no further discussion.[3]

We will briefly address several of Walsh's arguments on appeal. First, we have reviewed Walsh's arguments in his briefs and in his submission under Rule 28(j), Federal Rules of Appellate Procedure, that the government voluntarily waived its sovereign immunity regarding the claims against the United States and the Department of the Navy because the defense was not raised until after discovery had begun. This argument, as well as his other argument that immunity may be abrogated to protect his constitutional rights, rely on cases involving states' immunities under the Eleventh Amendment. Walsh's attempt to equate the federal defendants with states in the context of his arguments is unavailing. Sovereign immunity may be raised by a party at any time, even on appeal, and a court may <u>sua</u> <u>sponte</u> raise the issue as it relates to its own jurisdiction. <u>See</u> <u>United States v. Bein</u>, 214 F.3d 408, 412 (3d Cir. 2000).

Second, we reject Walsh's contention that the <u>Feres</u> doctrine does not bar his suit against Gen. Humble. Walsh emphasizes that he seeks recovery against Gen. Humble himself, not against the government, and that <u>Feres</u> therefore does not apply to his complaint. In addition, Walsh alleged in his complaint that Humble's attempt to kill him violated his constitutional rights, and he argues that his claim is not barred because it is based on an intentional tort. However, notwithstanding Walsh's arguments otherwise,

---

[3] Walsh concedes that several of his claims are barred by the statute of limitations, and he does not contest the District Court's conclusions regarding the Privacy Act claims or that Walsh has no private right of action under the federal criminal statutes.

such an action for damages against a superior officer does not stand. See Chappell v. Wallace, 462 U.S. 296, 305 (1983) (serviceman may not sue a superior officer for damages for alleged constitutional violations); Jaffee v. United States, 663 F.2d 1226, 1234-48 (3d Cir. 1981) (Feres doctrine barred serviceman's damages suit against Army supervisors for intentional torts committed in violation of the Constitution).

Third, we discern no error in the District Court's rulings quashing the subpoena of defense counsel and legal assistant and denying Walsh's motion to join Robert D. Hogue and Michael W. Hagee as defendants. In particular, we agree with the District Court's assessment that the allegations of Hogue and Hagee's wrongdoing in the course of discovery did not transform them into defendants subject to joinder in the action. We add that Walsh's reliance on cases discussing joinder of criminal offenses and criminal defendants for trial are unpersuasive in this issue of joinder of defendants under Rules 19 and 20 of the Federal Rules of Civil Procedure.

Lastly, we will address the District Court's order granting Gen. Jones's summary judgment motion and denying Walsh's summary judgment motion, and we exercise plenary review over the District Court's decision. McGreevy v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court reviewing a summary judgment motion must evaluate the

7

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Walsh argues, among other things, that Gen. Jones's "blanket denial" of the allegations in the complaint was insufficient to meet the summary judgment standard and defeat his own motion for summary judgment. Walsh contends that his own motion for summary judgment was supported with ample evidence, and that the District Court should have granted his motion in light of the government's belated filing of its statement of material undisputed facts in support of its cross-motion. Regarding Walsh's argument based on the procedural technicality of the government's belated filing, we discern no abuse of discretion in the District Court's granting the government an extension of time to file its statement.[4] As for the merits of both parties' summary judgment motions, we agree with the District Court that Gen. Jones was entitled to summary judgment. Walsh made conclusory accusations of Gen. Jones's involvement in the home invasions but provided no evidence of such. Walsh conjectured at his deposition that Gen. Jones must

_____

[4] The government filed its statement of material facts the next business day after filing its motion for summary judgment, which was the very same day on which the District Court ordered the government's compliance.

8

have been involved because the items taken from his home were Gen. Jones's discovery responses, but he offered no evidence independent from his speculation. None of the evidence Walsh submitted, including police reports concerning the break-ins and questionnaire responses and testimony by former neighbors, establish that Gen. Jones had any connection to the incidents. We discern no error in the District Court's application of the summary judgment standard.

In sum, we have considered the arguments in Walsh's briefs regarding all of his issues and find them to be of no merit.[5] We will affirm the District Court's judgment.

---

[5] In his reply brief, Walsh seeks review of the Clerk's dispositions of every procedural motion submitted in this appeal. We note that a previous panel of this Court has denied Walsh's motion to vacate an earlier Clerk's order on the matter of an extension of time granted to counsel for the appellees under 3rd Cir. LAR 31.4. Upon review, we conclude that Walsh is not entitled to relief.