**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4441
_____

RORY M. WALSH,
                              Appellant

v.

UNITED STATES OF AMERICA; THE DEPARTMENT OF THE NAVY; MAJ. GEN.
JERRY D. HUMBLE; LT. GEN. MICHAEL J. BYRON; MAJ. GEN. THOMAS F.
GHORMLEY; GENERAL JAMES L. JONES, JR.; COLONEL RICHARD M.
WENZELL; SPECIAL AGENT WEST; COLONEL M. W. MCERLEAN;
LT. PAUL D. ROY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-05-cv-00818)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2014
Before: HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: July 2, 2014)

_____

OPINION
_____

PER CURIAM

Rory M. Walsh, proceeding pro se, appeals from the District Court's October 11, 2013, order denying his motion for relief and to reopen the case pursuant to Federal Rules of Civil Procedure 60(b). We will affirm.

Walsh, a former United States Marines officer, filed a civil action against the United States, the Department of the Navy, and several current and former military officers in 2005. He alleged that in 1984, while stationed on the U.S.S. *Inchon*, the named defendants opened his personal mail, attempted to murder him by poisoning him with arsenic, and attempted to frame him for espionage. Walsh also claimed that Naval Intelligence agents broke into his home and stole several items. The District Court dismissed almost all of Walsh's claims and, after discovery, granted summary judgment in favor of General Jones.[1] We affirmed. See Walsh v. United States, 328 F. App'x 806 (3d Cir. 2009), cert. denied, 558 U.S. 996 (2009).

In 2013, Walsh filed a motion to reopen the case on the basis of newly discovered evidence and fraud upon the court, pursuant to Rules 60(b)(2) and (3). He claimed that he had new evidence of additional break-ins to his home. The District Court denied the motion as untimely and meritless. (Dkt. No. 311.) Walsh timely filed a motion for

---

[1] General Jones was the Supreme Allied Commander, Europe, and the Commander of the United States European Command from 2003 to 2006. He also served as the National Security Advisor for President Obama.

2

reconsideration, which was also denied, followed by a timely notice of appeal.[2] (Dkt. No. 315.)

We have jurisdiction pursuant to 28 U.S.C. §1291. We review the denial of a Rule 60(b) motion for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Walsh raises 14 issues on appeal, (Appellant's Br., pp. 2-5), including that the District Court abused its discretion in denying his Rule 60(b) motion, (id. pp. 56-58). Appellees argue that the District Court did not abuse its discretion in denying Walsh's motion, and that Walsh cannot "relitigate the substantive legal issues that were previously raised and addressed" in his prior appeal. (Appellees' Br., pp. 2-3.)

The only issue properly before us is the District Court's denial of Walsh's Rule 60(b) motion. The District Court concluded that Walsh's motion was untimely and meritless. Motions filed pursuant to Rules 60(b)(2) and (3) must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The District Court entered final judgment in Walsh's case on June 10, 2008, and he filed his motion to reopen it five years later.[3] Furthermore, though Rule 60 does not undermine a district court's authority to set aside a judgment for fraud upon the court, see Fed. R. Civ. P. 60(d)(3), the District Court determined that "Walsh has not set forth a

---

[2] The notice of appeal states that Walsh is only appealing the District Court's denial of his Rule 60(b) motion.

[3] Even if we considered November 2, 2009, the date on which the Supreme Court denied certiorari, as the final judgment date, we could not say that Walsh filed his Rule 60(b) motion within a reasonable time.

3

scintilla of evidence indicating any fraud on the court." (Dkt. No. 311, p. 5.) We agree. We perceive no abuse of discretion in the District Court's denial of Walsh's motion as untimely. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir.1987).

Nor did the District Court abuse its discretion in denying his motion as meritless. His alleged new evidence was not material, and it would not have changed the outcome of the case, as it did not demonstrate that any of the defendants were personally involved in the purported break-ins to Walsh's home.[4] See Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). For the foregoing reasons, we will affirm. Appellant's request for oral argument is denied.

---

[4] Similarly, Walsh's supplemental evidence, wherein he claims that General Jones was stalking him and his sons on May 17, 2014, does not prove that any of the defendants broke into his home.

4