**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2228

_____

RORY M. WALSH,
Appellant
v.

UNITED STATES OF AMERICA; THE DEPARTMENT OF THE NAVY;
MAJ. GEN. JERRY D. HUMBLE; LT. GEN. MICHAEL J. BYRON;
MAJ. GEN. THOMAS F. GHORMLEY; GENERAL JAMES L. JONES, JR.;
COLONEL RICHARD M. WENZELL; SPECIAL AGENT  WEST;
COLONEL M. W. MCERLEAN; LT. COL. PAUL D. ROY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-05-cv-00818)
District Judge Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2016

Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 1, 2016)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rory M. Walsh, proceeding pro se, appeals from the District Court's order denying his motion to reopen his case pursuant to Federal Rule of Civil Procedure 60(b)(6). For the following reasons, we will affirm.

Walsh, a former Marine Corps officer, filed a civil action in 2005 against the United States, the Department of the Navy, and several current and former military officers. He alleged that some of the named defendants interfered with his personal mail, attempted to murder him by poisoning him with arsenic, and attempted to frame him for espionage. He also alleged that General Jones ordered Naval Intelligence agents to break into his home, resulting in the theft of various items. Walsh was later permitted to amend his complaint to include additional allegations regarding break-ins and surveillance by General Jones occurring between October 2005 and July 2007. The District Court dismissed all of Walsh's claims except those against General Jones regarding the break-ins. After discovery, the District Court granted summary judgment in favor of General Jones, noting that the record was devoid of any evidence of his direct or indirect involvement in the conduct alleged by Walsh. We affirmed. Walsh v. United States, 328 F. App'x 806, 810 (3d Cir.), cert. denied, 558 U.S. 996 (2009).

In 2013, Walsh filed a motion to reopen the case on the basis of newly discovered evidence and fraud upon the court, pursuant to Rule 60(b)(2) and (3). The District Court denied the motion, concluding that it was untimely and meritless. On appeal, Walsh submitted supplemental evidence which he claimed showed that General Jones stalked him and his sons on May 17, 2014. We affirmed the District Court's disposition of the

2

Rule 60(b) motion, noting that Walsh's supplemental evidence was not material because the alleged stalking in 2014 did not prove that General Jones was involved in the 2005-2007 break-ins that were the subject of the case Walsh sought to reopen. Walsh v. United States, 571 F. App'x 109, 111 & n.4 (3d Cir. 2014).

Several months later, Walsh filed a second motion to reopen. This time he based his motion on the alleged stalking incident that he had raised as supplemental evidence in his prior appeal, and he sought to proceed under Rule 60(b)(6).[1] The District Court denied the motion as untimely, pointing out that it had been filed more than six years after the entry of final judgment. The court also concluded that the motion lacked merit, noting that Walsh presented no new evidence linking General Jones to the conduct alleged in the complaint and that this Court had already deemed the stalking incident to be immaterial to Walsh's original claims. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a Rule 60(b)(6) motion for an abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014), cert. denied, 135 S. Ct. 1548 (2015). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id. (citing Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999)).

---

[1] Walsh also filed a lawsuit based on the incident, which was dismissed. His appeal from that decision is pending at C.A. No. 15-1618.

At the outset, we note that Walsh raises numerous issues on appeal, very few of which appear to challenge the denial of his Rule 60(b)(6) motion.[2]  Appellant's Br. at 39-43.  Walsh did not raise the other issues in the District Court during the Rule 60(b)(6) proceedings.  In general, the "failure to raise an issue in the District Court results in its waiver on appeal."  Webb v. City of Phila., 562 F.3d 256, 263 (3d Cir. 2009) (quoting Huber v. Taylor, 469 F.3d 67, 74 (3d Cir. 2006).  Furthermore, many of the issues Walsh raises on appeal concern rulings related to his original civil action, but "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."  Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978).  In sum, the only matter properly before us is the denial of Walsh's Rule 60(b)(6) motion.

We agree with the District Court that Walsh's motion was untimely.  Motions brought under Rule 60(b)(6) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Walsh filed his motion more than six years after the District Court granted summary judgment in favor of General Jones, which is not within a reasonable time.  See, e.g., Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).  Although Walsh filed his motion within months of the alleged stalking incident, that does not render it timely.  The basis for his motion was more suited for the new evidence provision of Rule 60(b)(2), but such motions must be filed within one year

---

[2] Walsh's motion to expand the record is denied to the extent he seeks consideration of material that was not part of the record in the District Court.  See Burton v. Teleflex

of the entry of judgment. Fed. R. Civ. P. 60(c)(1). Walsh's motion, filed more than six years after judgment, was too late for such relief. He cannot avoid that time bar by resorting to Rule 60(b)(6). See Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) ("Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1)-(3) maybe circumvented"); Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006) ("if the asserted ground for relief falls within one of the enumerated grounds . . . subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available").

Walsh's argument that any time limitation for his motion was "wiped out" by the continuing violation doctrine has no force here. He primarily relies on Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Mandel v. M&Q Packaging Corp., 706 F.3d 157 (3d Cir. 2013); and O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. 2006). However, those cases – and the continuing violation doctrine – concern the limitations period for bringing a hostile work environment claim under Title VII of the Civil Rights Act of 1964. See, e.g., Mandel, 706 F.3d at 165-66 (explaining the doctrine). Walsh cites no authority for applying this doctrine in the Rule 60(b)(6) context, and we are aware of none. In sum, we perceive no abuse of discretion in the District Court's denial of Walsh's motion as untimely.

Nor did the court abuse its discretion in denying the motion as meritless. To be granted relief under Rule 60(b)(6), a movant must show "extraordinary circumstances

Inc., 707 F.3d 417, 435-36 (3d Cir. 2013).

where, without such relief, an extreme and unexpected hardship would occur." <u>Cox</u>, 757 F.3d at 115 (quoting <u>Sawka v. Healtheast, Inc.</u>, 989 F.2d 138, 140 (3d Cir. 1993)). Walsh based his motion on the May 2014 incident, which we had previously deemed to be immaterial to the original allegations and insufficient to change the outcome in the case. <u>See Walsh</u>, 571 F. App'x at 111. It follows that this same evidence cannot constitute extraordinary circumstances warranting Rule 60(b)(6) relief.[3] Moreover, Walsh may not use his Rule 60(b)(6) motion as a mechanism to seek review of our prior decision. <u>See Reform Party v. Allegheny Cty. Dep't of Elections</u>, 174 F.3d 305, 312 (3d Cir. 1999) (en banc).

Accordingly, we will affirm the order of the District Court.

---

[3] On appeal, Walsh has mistakenly relied on the standards for motions for reconsideration and summary judgment. <u>See</u> Appellant's Br. at 42, Reply Br. at 1. In particular, he asserts that he is entitled to prevail because Appellees offered "no opposing evidence" on appeal. Reply Br. at 1. As the moving party in the District Court and the Appellant here, Walsh had the burden to demonstrate that he warranted Rule 60(b)(6) relief and that the District Court erred in denying it. <u>See, e.g.</u>, <u>Cox</u>, 757 F.3d at 122. As we have explained, he has failed to do so.