ALD-139                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1163
_____

DESMOND ABERNATHY,
Appellant

v.

CITY OF PHILADELPHIA; OFFICER EDWARD WRIGHT; PHILADELPHIA
POLICE DEPT.; 12TH DISTRICT, (ET AL)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-02784)
District Judge:  Honorable John M. Younge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2023

Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>
(Opinion filed:  May 30, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Desmond Abernathy, proceeding pro se and in forma pauperis, appeals from the District Court's judgment. We will summarily affirm.

In 2017, Abernathy initiated a pro se civil rights action against the Philadelphia Police Department, the Twelfth District, the City of Philadelphia and Officer Edward Wright raising claims of excessive force during an arrest. The defendants moved to dismiss Abernathy's complaint under Fed. R. Civ. P. 12(b)(6). On March 9, 2020, the District Court dismissed claims against the former two defendants with prejudice, dismissed the claims against the City of Philadelphia without prejudice, and extended Abernathy thirty days to amend his complaint.[1] On March 11, 2020, the District Court received a letter from Abernathy (dated March 7, 2020), referring to Civil Action No. 17-cv-2784, stating that he wanted to "withdraw [the] above civil action . . . which I no longer wish to pursue." ECF No. 29. On March 12, 2020, the District Court entered an order dismissing Abernathy's remaining claims and directing the Clerk to close the case.

Thereafter, Abernathy filed a litany of motions seeking relief from judgment under Fed. R. Civ. P. 60(b), stating that he had mistakenly withdrawn his action and still wanted to file an amended complaint. In particular, Abernathy seemed to argue that he had withdrawn his complaint based on a misunderstanding of the March 9, 2020 dismissal order. In August 2021 and March 2022, the District Court denied Abernathy's Rule

---

[1] The District Court also noted that if Abernathy did not file an amended complaint against the City within the prescribed time period, it would presume that he wished to proceed with his claims against Officer Wright. ECF No. 28.

2

60(b) motions, determining that Abernathy had not demonstrated extraordinary circumstances to justify reopening his action. ECF Nos. 82 & 97. In doing so, the District Court rejected Abernathy's contention that he had misunderstood the March 9, 2020 dismissal order, because Abernathy's withdrawal letter predated the entry of that dismissal order. ECF No. 82.

On April 15, 2022, the District Court received a motion from Abernathy seeking to reopen his civil action and amend his complaint to add a defendant. ECF No. 98. On January 13, 2023, the District Court entered an order denying Abernathy's motion for essentially the same reasons that the Court had denied Abernathy's prior Rule 60(b) motions. ECF No. 103. Abernathy timely appealed from that denial order.

We have jurisdiction under 28 U.S.C. § 1291. We first stress the narrow scope of this appeal. Abernathy's notice of appeal is only timely as to the District Court's January 13, 2023 order denying his most-recent Rule 60(b) motion, and not the underlying order dismissing the action,[2] so our review encompasses solely the former order. We may summarily affirm if the appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] The Rule 60(b) motion was not filed within 28 days of the underlying order dismissing the action, and thus did not toll the time to appeal under Fed. R. App. P. 4(a)(4)(A)(vi). The Rule 60(b) motion was filed within 28 days of the District Court's March 2022 order denying Abernathy's last round of motions, but the motion was not directed at that order; rather, it sought to challenge the District Court's order dismissing the action.

Turning to the operative denial order, because Abernathy's filing was submitted after judgment of dismissal had been entered, it is best construed as a Rule 60(b) motion, see Ahmed v. Dragovich, 297 F.3d 201, 208–09 (3d Cir. 2002), the denial of which is reviewed for an abuse of discretion. Id. at 209.

Abernathy's motion appears to invoke Rule 60(b)(6).[3] To succeed on his motion, he must establish "extraordinary circumstances" justifying relief from the judgment. See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (a showing of extraordinary circumstances involved demonstrating that "without relief from the judgment, an extreme and unexpected hardship will result" (citation and internal quotation marks omitted)). In the operative Rule 60(b) motion, Abernathy asserted that a prison inmate told him to withdraw his complaint because he had named the Philadelphia Police Department as a defendant. ECF No. 98 at 2. We agree with the District Court that it appears as though Abernathy elected to follow the advice from that inmate,[4] mailed the Clerk a letter to withdraw his civil action, then later regretted that decision. See ECF No. 97. Abernathy's apparent regret is an insufficient basis on which to justify relief under Rule 60(b)(6). See Budget Blinds, Inc., 536 F.3d at 255 ("[E]xtraordinary

---

[3] Abernathy's motion did not seem to invoke a basis for relief from judgment under Fed. R. Civ. P. 60(b)(1)-(5), and none of those subsections appears applicable.

[4] Abernathy relied on the inmate's advice at his own risk; such reliance does not constitute an extraordinary circumstance for relief. See Ackermann v. United States, 340 U.S. 193, 197–98 (1950) (defendant's decision to forgo the advice from his attorney and to "freely accept[] the advice of a stranger" in declining to pursue an appeal failed to present a basis for relief under Rule 60(b)(6)).

circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices."); see also Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 & n.15 (3d Cir. 2002) (explaining that Rule 60(b)(6) does not provide a means "to escape the effects of a bargain [the movant] regretted in hindsight."). Furthermore, Abernathy's Rule 60(b) motion – received two years after the District Court dismissed his complaint – was not filed within a "reasonable time" after judgment was entered. Fed. R. Civ. P. 60(c)(1); see Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (a motion brought almost two years after the district court's entry of judgment was "not made within a reasonable time").

Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[5]

---

[5] Abernathy also requests permission to "file a supplemental motion pursuant to Fed. R. Civ. P. 60(b)." See C.A. No. 11. We have considered the arguments to the extent that they bear on the District Court's order; to the extent that the motion requests relief, it is denied. Abernathy also asks about an "eight-page missive" dated March 6, 2023, that he mistakenly filed in the District Court and attempted to forward to this Court. See C.A. No. 15. While that document has not been filed in this Court, it appears that he is referring to his document titled "opportunity to exhaust administrative remedy in the admiralty," ECF No. 108, which has no bearing on the issues in this appeal.