BLD-176                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2054
_____

ARMONI MASUD JOHNSON,
Appellant

v.

WALTER KOEHLER; CHRISTOPHER O'BRIEN; CHRISTOPHER LAMB;
JUDGE PIERANTONI; JUDGE AUGELLO; JUDGE BROWN;
MATTHEW KELLY; CHARLES ROSS; MARK SINGER;
DISTRICT ATTORNEY LUZERNE COUNTY; STEPHANIE J. SALAVANTIS;
F. MCCABE; MARY PHILLIPS; CLERK OF COURTS LUZERNE COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01490)
District Judge: Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

September 5, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: September 17, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Appellant Armoni Masud Johnson, proceeding in forma pauperis, filed a complaint in which he alleged that a subset of the Defendants "violated [his] equal protection rights and due process rights" by engaging in an undercover operation against Johnson and the use of a criminal informant to "entrap" him, while other Defendants engaged in a conspiracy against him. Pursuant to 28 U.S.C. § 1915, the District Court dismissed with prejudice claims against several defendants who were immune from suit, dismissed without prejudice the remaining claims, and stayed the proceeding pending the resolution of the criminal case against Johnson ("March 31, 2015 Order"). Johnson appealed, and this Court dismissed the appeal for lack of jurisdiction. C.A. No. 15-2079.

Following the resolution of Johnson's criminal proceeding, this case was reopened solely with respect to his 42 U.S.C. § 1983 claim against Defendants Walter Koehler, Christopher Lamb, and Christopher O'Brien. These Defendants filed a motion to dismiss for failure to state a claim, which the District Court granted ("October 27, 2017 Order"). Johnson appealed, and this Court affirmed. See Johnson v. Koehler, 733 F. App'x 583, 586 (3d Cir. 2018).

Johnson filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6), which the District Court denied after concluding that the motion was "patently untimely, as he filed the motion more than one year after the Court dismissed his case, and the Court finding that the instant motion, filed between six and eight years after the March 31, 2015 and October 27, 2017 Orders, [was] not made within a 'reasonable time,'" as the term is used in Federal Rule of Civil Procedure 60(c)(1). ECF No. 94. Johnson

2

appealed, and this Court again affirmed.  See Johnson v. Koehler, No. 23-2995, 2024 WL 1406659, at *1–2 (3d Cir. Apr. 2, 2024).

Johnson filed a second Rule 60(b)(6) motion challenging the March 31, 2015 and October 27, 2017 Orders, which the District Court denied.  This appeal timely followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's order denying a Rule 60(b) motion for an abuse of discretion.  See Giordano v. McCartney, 385 F.2d 154, 155 (3d Cir. 1967).  We may summarily affirm the District Court's order if we find that Johnson has not presented a substantial question.  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.  We may affirm on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

To succeed on a Rule 60(b) motion, a plaintiff must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'"  Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J., concurring)).

In his motion, Johnson argued that, in light of the Supreme Court's holding in Thompson v. Clark, 596 U.S. 36 (2022), the District Court's prior orders should be vacated and his case should be reopened.  In Thompson, the Supreme Court held that a

3

plaintiff seeking to present a malicious prosecution claim under § 1983 is not required to present "some affirmative indication of innocence" and instead need only show that the criminal prosecution against him ended without a conviction. See id. at 49.

Assuming arguendo that under Thompson the favorable termination rule would not bar Johnson's claims, his request for relief is nevertheless undermined by the other conclusions of the District Court in the October 26, 2017 Order: (1) Johnson's claim failed because he "ignore[d] the legal standards governing the entrapment defense and discount[ed] the immutable fact of his own prior drug trafficking conviction"; (2) entrapment, as a criminal defense, was not sufficient to support Johnson's freestanding civil claim of malicious prosecution; and (3) "even if Johnson had stated a colorable constitutional claim . . . the defendants would still be entitled to qualified immunity from these claims for damages." ECF No. 44 at 11–16 (Report and Recommendation adopted by October 27, 2017 Order). Thus, Johnson did not present an intervening change in the controlling law for purposes of Rule 60(b).

Moreover, a motion under Rule 60(b) must be made "within a reasonable time." See Fed. R. Civ. P. 60(c)(1). Johnson has failed to do so here, as (1) the Supreme Court decided Thompson, on which Johnson relied, on April 4, 2022, and (2) Johnson filed the instant motion on May 13, 2024, over two years later. See Moolenaar, 822 F.2d at 1348 (holding that filing a Rule 60(b)(6) motion after almost two years was not "within a reasonable time").

4

For these reasons, we find that the District Court did not abuse its discretion when it denied Johnson's Rule 60(b) motion, and Johnson has not presented a substantial question on appeal. Accordingly, we will affirm the judgment of the District Court.