CLD-179                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1957
_____

WILLIAM JOSEPH WEBB, JR.,
Appellant

v.

ATTORNEY GENERAL DELAWARE; PUBLIC DEFENDER'S OFFICE; EDWARD
C. PANKOWSI, JR.; DELAWARE PSYCHIATRIC CENTER; DR. ALEXANDER
ZWILL; JOHN DOE(S); JANE DOE(S)

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:02-cv-00521)
District Judge:  Honorable Colm F. Connolly

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA , Circuit Judges

(Opinion filed: August 22, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

William Webb, Jr., appeals pro se from a District Court order denying his motion to reopen his case. We will summarily affirm because the appeal presents no substantial question.

Webb filed his complaint in June 2002, and the District Court dismissed it as frivolous in April 2004. Webb appealed, but his appeal was dismissed for failure to prosecute. In January 2025—over twenty years after the action had been dismissed—Webb filed a motion to reopen in the District Court. Webb alleged that he had newly discovered evidence that the public defender and trial judge violated his constitutional rights, although he did not provide such evidence. The District Court, construing Webb's motion alternatively as a motion for relief under Federal Rule of Civil Procedure 60(b) and as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), denied the motion on April 29, 2025. Webb timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the denial of motions made under Rule 59(e) and Rule 60(b) for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4.

We discern no abuse of discretion in the District Court's order. Motions for relief from judgment under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ.

2

P. 60(c)(1). Webb's motion was not. As the District Court noted, Webb's motion to reopen his case came more than twenty years after the dismissal and presented no facts or legal arguments justifying the delay. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987). Moreover, the few facts and allegations Webb did assert failed to satisfy any of the grounds for relief under Rule 60(b). See id. at 1345-46.

Nor did the District Court abuse its discretion when it declined to alter or amend its judgment in response to Webb's motion. Such a motion must be filed within 28 days of the underlying order, see Fed. R. Civ. P. 59(e), and, in any event, Webb's motion presented no grounds that warranted alteration or amendment of the District Court's April 2004 dismissal order. See Lazaridis v. Whemer, 591 F.3d 666, 669 (3d Cir. 2010).

Accordingly, the District Court did not abuse its discretion in denying Webb's motion, and we will summarily affirm the District Court's judgment.