NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1600
_____

VAMSIDHAR REDDY VURIMINDI,
Appellant

v.

FUQUA SCHOOL OF BUSINESS; MOIRA RINGO; DOUGLAS M. BASHAR;
JOHNNY A. WILLIAMS; GREGORY S. VALENTINE; JOHN H. DOHNAL;
ALISSANDRDO R. CASTILLO; ROBERT E. ROSS; SHANA KEATING; SUDHEER
DHARANIKOTA; SUNIL BALASAHEB PATIL; AMIT KHARE; DAVID R.
MITCHELL; KRISTOFFER S. SINGLETON; PETER M. WALTON; EUGENE
WHITE; RAJIV PRASAD KOLAGANI; PRATIBHASH CHATTOPADHYAY;
JENNIFER E. ERICKSON; SETH M. GILLESPIE; JASON C. LINK; JASON S.
SUNDBERG; PRADEEP RAJAGOPAL; WL GORE & ASSOCIATES; MD LASER
STUDIO; FERRO CORPORATION; ALCATEL-LUCENT; TALECRIS
BIOTHERAPEUTICS, INC.; DELL INC.; BOOZ ALLEN HAMILTON; HEALTH
PORT; AMGEN INC.; AGILENT TECHNOLOGIES; BANK OF AMERICA;
ERICSSON INC.; GLAXOSMITHKLINE; SIGNALSCAPE, INC.; EMERGENT
GAME TECHNOLOGIES; ACCENTURE; SEEGRID CORPORATION; SUNTRUST
BANK, INC.; SMITH BARNEY; SHAW AREVA MOX SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:10-cv-00234)
District Judge: Honorable Wendy Beetlestone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2025

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: September 12, 2025)

OPINION[*]

PER CURIAM

Pro se Appellant Vamsidhar Vurimindi appeals from the District Court's order denying his motions for relief from judgment. For the reasons that follow, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

From March 2008 to November 2009, Vurimindi was a student in a weekend MBA program at defendant Duke University's Fuqua School of Business ("Duke"). In December 2009, he brought suit against Duke, 22 of his fellow students, and corporations that employed or allegedly employed those students.[1] The third amended complaint alleged that Duke and the students targeted Vurimindi for harassment, and included claims for, inter alia, breach of contract, fraud, and invasion of privacy against Duke, and tortious interference and slander against the students. By order entered August 25, 2010, the District Court dismissed all of the claims. On appeal, Vurimindi challenged only the dismissal of his breach of contract and

invasion of privacy claims against Duke. We affirmed the former dismissal but vacated the latter, noting that the allegations were sufficient to state a cognizable claim under

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Duke removed the matter from the Philadelphia Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

North Carolina law for intrusion upon seclusion.  See Vurimindi v. Fuqua Sch. of Bus., 435 F. App'x 129, 136 (3d Cir. 2011) (not-for-publication).

On remand, the matter was repeatedly stayed due to questions about Vurimindi's competency.  In 2019, the District Court entered four separate orders directing Vurimindi to file a status report.  The last two orders were returned undeliverable, and Vurimindi never responded to the orders.  In February 2020, the Court dismissed the complaint for failure to prosecute, and ordered the case closed.

In August 2024, Vurimindi filed a motion pursuant to Federal Rule of Civil Procedure 60(b), alleging that Duke committed fraud on the Court, and seeking relief from the Court's August 25, 2010 dismissal order and the February 2020 order dismissing for failure to prosecute.  In December 2024, Vurimindi filed a motion pursuant to Federal Rule of Civil Procedure 60(d) to set aside the judgments, seeking the same relief mainly on the same basis.  The District Court denied both motions by order entered March 20, 2025.  This timely appeal ensued.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's denial of the Rule 60(b) and (d) motions for abuse of discretion.  See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).  We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Like the District Court, we first address Vurimindi's motion brought pursuant to Rule 60(d)(3), which authorizes an independent action to "set aside a judgment for fraud

3

on the court." See Marco Destin, Inc. v. Levy, 111 F.4th 214, 217-18 (2d Cir. 2024). To prove fraud on the court, Vurimindi was required to show "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386 (3d Cir. 2005).

Vurimindi alleged that Duke committed fraud on the court by failing to disclose that (1) it hired and paid the students' counsel for the litigation, in an effort to "silence" the students; (2) it knew the students had a private online group chat "to disparage" Vurimindi; and (3) it knew at the time that the Court's status update orders were returned undeliverable that Vurimindi was detained by Immigration & Customs Enforcement (ICE). ECF No. 235 at 7-9. However, these allegations are insufficient to meet the "demanding standard" for fraud under Rule 60(d)(3), which encompasses only "the most egregious misconduct directed to the court itself" and "must be supported by clear, unequivocal and convincing evidence." Herring, 424 F.3d at 386-87 (citation omitted); see also In re Golf 255, Inc., 652 F.3d 806, 809 (7th Cir. 2011) (noting examples of Rule 60(d)(3) fraud, including "bribery of a judge or exertion of other undue influence on him, jury tampering, and fraudulent submissions by a lawyer for one of the parties in a judicial proceeding, such as tendering documents he knows to be forged or testimony he knows to be perjured"). The District Court therefore did not abuse its discretion in denying the Rule 60(d)(3) motion.

As the District Court observed, Vurimindi's fraud allegations may "at best" serve as a basis for relief under Rule 60(b). See United States v. Beggerly, 524 U.S. 38, 46 (1998) (noting that "where the most that may be charged against the Government is a

4

failure to furnish relevant information," the allegations "would at best form the basis for a Rule 60(b)(3) motion"). But unlike a Rule 60(d) motion, which may be brought at any time, a Rule 60(b) motion based on mistake, newly discovered evidence, or fraud, which we agree describes both of Vurimindi's motions, must be brought within one year. See Fed. R. Civ. P. 60(b)(1)-(3), (c)(1). The District Court properly determined that, to the extent that Vurimindi sought Rule 60(b) relief, the motions – filed well over a year after the orders sought to be vacated – were time-barred. It was therefore not an abuse of discretion to deny them.[2]

Based on the foregoing, the appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.[3]

---

[2] On appeal, Vurimindi argues that the District Court erred in failing to grant relief from its February 2020 dismissal order pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows a court to grant relief from judgment where the motion demonstrates "extraordinary circumstances" and is brought "within a reasonable time." Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987). Vurimindi had argued that extraordinary circumstances existed because his subsequent incarceration, removal proceedings, and detention by ICE, left him "unable to prosecute this case." ECF No. 214 at 18. But he forfeited his Rule 60(b)(6) argument by raising it for the first time in his reply brief in the District Court. See Jaludi v. Citigroup, 933 F.3d 246, 256 n.11 (3d Cir. 2019).

[3] Vurimindi's "Application for Leave to File Amended Argument Against Summary Dismissal" is denied.